[Tallassee Manufacturing Company *v.* Glenn.]

# Tallassee Manufacturing Company *v.* Glenn.

### *Bill in Equity for Injunction of Illegal Tax.*

1. *When equity will enjoin sale for taxes.* — A court of equity will enjoin the sale of a manufacturing company's property for taxes, when it appears that while a former suit in chancery was pending between the tax-collector and the company, respecting the amount of taxes which the company was liable to pay, an act of the legislature was passed, at the instance of the company, providing for an adjustment or arbitration of the matters in dispute; that the company complied with the terms of the act, and that, in consequence of the tax-collector's refusal to abide by the arbitration, as the act required him to do, the chancellor's decree was affirmed on error against the company.

2. *Constitutionality of act "for relief of Tallassee Manufacturing Company," approved Feb. 8, 1872.* — The act approved February 8, 1872, entitled "An act for the relief of Tallassee Manufacturing Company Number One" (Sess. Acts 1871–2, 411–12), which makes it the duty of the auditor to ascertain the amount of taxes due from the company during the years 1869, 1870, and 1871, and to certify the same to the tax-collector of Elmore county; and requires the tax-collector to receive from the company the amount thus certified, in full payment of all taxes due from the company for those years; with a proviso, that the company "pay all the costs that have accrued in litigation in a controversy between said company and the tax-collector of Elmore county," — is not obnoxious to any constitutional provision : it is not an attempt by the legislature to exercise judicial power; nor is it an appropriation of money from the public treasury, which requires a two thirds vote of the general assembly; and the title expresses the subject-matter with sufficient clearness and fulness.

3. *Meaning of "costs that have accrued" in pending suit.* — "All the costs that have accrued," when the words are used in the compromise of a pending suit, or in a private statute providing for such compromise, mean costs that would follow the judgment, and do not include attorneys' fees.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 24th February, 1873, by the "Tallassee Manufacturing Company Number One," a corporation chartered by an act of the general assembly of this State, against John S. C. Glenn, the tax-collector of Elmore county; and sought to enjoin a sale of the complainant's property by the defendant, under a levy and advertisement, for the unpaid taxes for the years 1869, 1870, and 1871. There was a controversy between the company and a former tax-collector, one Spigener, in reference to these taxes; and the company filed a bill in chancery against the collector, to enjoin the collection of the tax which had been assessed against its new machinery. The chancellor dismissed the bill in that case, and his decree was affirmed by this court, at its January term, 1873. See the case reported in 49 Ala. 262–5. While that case was pending, the company procured the passage of an act by the general assembly for the settlement of the matters in controversy; which act was approved on the 8th February, 1872, and was as follows : —

"An act for the relief of Tallassee Manufacturing Company Number One.

" *Section* 1. *Be it enacted by the general assembly of Alabama,* That it is hereby made the duty of the auditor of the State to ascertain what amount of taxes, state and county, the Tallassee Manufacturing Company Number One is liable to pay for the years 1869, 1870, and 1871, and to certify such amount to the tax-collector of Elmore county.

" *Sec.* 2. *Be it further enacted,* That it shall be the duty of the tax-collector of Elmore county to receive from the said Tallassee Manufacturing Company Number One, in full payment of their taxes for the years 1869, 1870, and 1871, the amount thus certified to him by the auditor. *Provided,* that the said Tallassee Manufacturing Company Number One will pay all the costs that have accrued in litigation in a controversy between said company and the tax-collector of Elmore county."

The bill alleged that the auditor, acting under the authority of this law, ascertained the amount due from the company, for the taxes of the years specified, to be in the aggregate $3,500.36, and certified the same, in proper form, to the defendant, on the 17th June, 1872; that the company tendered this sum to the defendant, and paid all the costs which had then accrued in the pending suit; that the defendant refused to receive the amount so tendered, and demanded a larger sum, and was proceeding to enforce its collection, whereby irreparable damage would be done to the company and its property, &c. The chancellor dismissed the bill, on motion, after the filing of the answer, on the ground that it was wanting in equity, because it did not show a sufficient compliance on the part of the company, within a reasonable time, with the terms of the act above quoted; but he afterwards allowed an amended bill to be filed, in which the complainant set out more specifically the facts showing compliance on its part with the terms of said act; and he dismissed the amended bill, also, for want of equity. The chancellor's decree is now assigned as error.

BLAKEY & FERGUSON, for the appellant.

WATTS & TROY, *contra*.

B. F. SAFFOLD, J. — The appellant obtained an injunction against the appellee, as tax-collector of Elmore county, to restrain him from selling its property for the payment of certain taxes levied upon it. The bill filed for the purpose alleged, that a controversy at law was pending between the parties about the matter, when the legislature, at the instance of the appellant, passed an act authorizing and appointing the

[Tallassee Manufacturing Company *v.* Glenn.]

auditor to ascertain what amount of taxes in question the company was liable to pay, and to certify the same to the tax-collector, who should receive it in full satisfaction, provided the company would pay all of the costs which had accrued in the litigation; that the auditor had complied with the act, by ascertaining and stating the account, and informing the tax-collector thereof; but, on the tender of the amount so fixed, and the costs of the litigation, by the complainant, the tax-collector refused to accept it. The injunction was dissolved, upon the denials of the answer. Afterwards, the bill was amended, by more specific allegations of the complainant's compliance with the terms of the act of the legislature. On final hearing, it was dismissed for want of equity. The appeal embraces both decrees.

1. A sale of land for the payment of taxes, under a judgment at law, affirmed in the supreme court, in which the liability of the property was determined, would leave the owner little remedy, except in his right of redemption. If such sale ought not to be made, equity only can prevent it.

2. If the act of February 8, 1872, is valid, and was complied with, it gave the complainants rights which are denied by the decrees. The objections alleged to its validity are: 1st, that it is an exercise of judicial power by the legislature; 2d, that it is an appropriation of money without a two thirds vote of the legislature; 3d, and that its subject is not expressed in the title.

The authority of the State to make a contract, and to allow suits to be instituted against itself by its citizens, must be conceded. A party to a suit upon a contract must, from necessity, have the power to compromise the suit. The ability to do so is inseparable from the capacity to make a contract, and to be sued on it. A compromise, or submission to arbitration, of demands and claims, is a contract, supported by the consideration of mutual promises. When the prevention of litigation is the object, no investigation into the character or value of the claims submitted will be entered into, for the purpose of setting aside a compromise, if the parties entering into it thought at the time that there was a question between them. 1 Parsons on Contracts, 364. It is enough, if there be an actual controversy, of which the issue may be considered by both parties as doubtful. In this case, there was litigation virtually between the State and the complainant; and the legislature, at the instance of the other party, appointed the auditor to settle the controversy. No manner of doing so was dictated, further than that the company, admitting its liability for some amount, was required to pay the cost of the suit which it had instituted. Whatever the auditor and the company agreed upon, the State

[Kane *v.* Gammell.]

consented to abide by. The auditor was not made a judge, because, in that case, the company would not have been left at liberty, by refusing to pay the cost, to nullify his decision. The foregoing argument as well establishes that there was not on the part of the State a giving away of money.

The subject expressed in the title is, "For the relief of Tallassee Manufacturing Company No. 1." This is a private act, and is a measure of relief for the company named. It would have been more in conformity with the constitution, if the nature of the relief had been more clearly expressed in the title. But its character of privacy, and the limitation of the subject to that expressed in the title, dispense with much of the reason for the constitutional provision, in the want of public concern in the matter. Such an act could scarcely interfere with the interests of other persons. We think it sufficiently conforms to the constitution.

3. The costs of the suit intended to be compromised are such as would have followed a judgment adverse to the company. Attorneys' fees would not be included. To ascertain them would require a separate suit, and independent proof, especially if the compromise had proved effective before the judgment on appeal.

The allegations of the amended bill sufficiently aver due diligence on the part of the company in accepting the terms of the act.

The decrees are reversed, and the cause is remanded.