[*Ex parte* Small.]

# *Ex parte* Small.

### *Application for Habeas Corpus and Certiorari.*

1. *Hiring convicts out of county; requisites of order of court.*—An order of the court of County Commissioners, entered in term time, "that the convicts sentenced to hard labor for the county, for crimes not involving moral turpitude, be let to hire to H. & P., partners doing business in" another county, involves a finding and decision by the court that the interests of the county required that such convicts be hired out of the county, and is sufficient.

2. *Same; duration of order.*—If such order, purporting to apply to the convicts of the current year and the next succeeding, be valid only for twelve months, which is not decided, a convict sentenced the next year can not complain of it, when it is shown that, on the expiration of the first year, and before his conviction, another order was made and entered by the court, declaring that, "in the opinion of the court, it is best and necessary that all convicts to hard labor for the county be hired out of the county."

This was an application by petition of Thomas Small, for the writs of *certiorari* and *habeas corpus*, to procure his discharge from the custody of R. W. Milner, agent of Heard & Pace of Tallapoosa county, who had a contract with the county commissioners of Tuscaloosa county for the hire of convicts sentenced to hard labor for offenses not involving moral turpitude. The application for a discharge on *habeas corpus* was first addressed to Hon. N. H. Brown, probate judge of Tuscaloosa county. The hearing was had before the Hon. S. H. Sprott, judge of the Sixth judicial circuit, at Tuscaloosa, who refused to discharge the petitioner. The grounds of the petition appear in the opinion of the court.

HARGROVE & VANDEGRAFF, for petitioner.

WOOD & WOOD, and H. B. FOSTER, *contra*.

STONE, C. J.—The petitioner in this case was convicted in August, 1886, of two separate misdemeanors, neither of them involving moral turpitude. The convictions were in Tuscaloosa county, and the petitioner was in the custody of Milner, as the agent of Heard & Pace, to be carried to their place of business in Tallapoosa county. The ground on which enlargement is sought is, that the sentence under which petitioner was being carried out of the county of his

conviction to another county, there to work out his sentence at hard labor, was not authorized by any valid order. In *Ex parte Crews*, 78 Ala. 457, following the statute, we held that a misdemeanant should be employed in the county in which he was convicted, "unless in the opinion of the persons or body having charge of the hiring of such persons, the interest of the county required that they be hired outside of the county."—Acts of 1883, Sess. Acts, 134, § 5; Code of 1876, § 4468. The persons or body having charge of such service is the court of county commissioners of the county, or other tribunal filling its place and exercising its functions. In that case we held the imprisonment unlawful, because the court of County Commissioners had made no order authorizing the letting of such convicts to hire outside of the county.

In this case the court of County Commissioners, by direct act and of record, at its June Term 1885, entered into a contract in the following terms: "Ordered that the convicts sentenced to hard labor for the county, and those to be sentenced for the balance of the year 1885, and for the year 1886, for crimes not involving moral turpitude, be let to hire to W. W. Heard and Ira W. Pace, partners doing business in Tallapoosa county, at the rate," etc. We hold that this act of the court of County Commissioners was the equivalent of a direct finding by the court that the interest of the county required that such convicts be hired out of the county.

It is objected, however, that the order copied above, made in June, 1885, could, at most, be valid for only one year; and inasmuch as the convictions in this case took place more than a year afterwards, the sentence to labor out of the county was illegal. It is not our intention to determine, or inquire in this case, whether the order of June, 1885, expired at the end of twelve months from that time. The wants of this case do not require us to decide that question.

During the year 1886, either at the May or July Term, the court of County Commissioners "ordered that, in the opinion of the court, it is best and necessary that all convicts to hard labor for the county be hired out of the county of Tuscaloosa." This was entered of record either in May or July; in either event, before the conviction of the petitioner in this case. So, the objection that there was no order authorizing the hiring without the county is not well taken.

We do not think that, in the question we are considering, the severely exacting rule invoked should be applied. It is

a mere question of policy and enlightened discretion as to the place where sentence to hard labor shall be executed. When the opinion of the court of County Commissioners is so clearly expressed as not to be misapprehended, or left to the discretion of some person other than themselves as a body, and that opinion is made matter of record, all that is of merit and substance in the statute has been complied with.

Writ of *habeas corpus* denied.