# Haralson *v*. The State.

### *Petition for Habeas Corpus.*

1. *Hiring convicts out of county; requisites of order of commissioner's court.*—An order of the court of county commissioners entered in term time, that a certain named person, as agent of hard labor for Clay county be and is hereby authorized to contract with [a company situated outside of the county], for the hire of convicts of said county at the rate of five dollars per month for each convict, involves a finding and decision by the court that the interests of the county required that such convicts be hired out of the county, and is sufficient.

2. *Same; unnecessary for order to determine in what specific manner convict should be employed.*—The statute providing that

[Haralson v. The State.]

the court of county commissioners shall determine "in what manner and on what particular works the labor shall be performed." (Code, § 4521), applies only where there has been established a system of hard labor for the county and the convicts are employed in laboring on the public works of said county, and has no application where the convicts are hired outside of the county.

3. *Same; order for hiring.*—Since the statute, as it originally existed, requiring the court of county commissioners to re-determine each year whether the convicts of the county shall be employed on public works or let to hire, has been repealed and not re-enacted by the Code of 1896, an order of the commissioner's court made subsequent to such repeal, authorizing the convicts to be let for hire outside of the county, is valid and subsisting until set aside or until another contract has been entered into.

4. *Same; authority of probate judge to make contract.*—Under the provisions of the statute which imposes the duty of making a contract for the hire of convicts on the court of county commissioners, or by some member of their body or other person to be appointed by them, the probate judge who is a member of the court may make such contract, and it is not necessary for his authority to do so to be reduced to writing.

5. *Sentence to hard labor; when convict can not complain that he was not put to hard labor immediately.*—A convict who is sentenced to hard labor for the county can not complain that he was not put immediately to hard labor, when the delay in doing so was at his own request.

APPEAL from the County Court of Clay.

Tried before the Hon. W. J. PEARCE.

On April 17, 1899, Jack Haralson filed a petition for a writ of *habeas corpus,* addressed to Hon. W. J. Pearce, judge of the county court of Clay county. In this petition, it was averred that the petitioner was indicted and convicted under three separate indictments for selling spirituous, vinous and malt liquors without a license and contrary to law; that after conviction, petitioner was, on April 5, 1899, sentenced in each case to hard labor for the county; that at the time he was sentenced, he was left in the custody of the sheriff, who committed him to the county jail, where he was confined from April 5th, to the filing of the petition; that during this time he was

not put at hard labor, and that there was no order or arrangement made by the court of county commissioners of Clay county, which was, at that time in force, for the purpose of working or hiring out at hard labor convicts of said county and that the petitioner was, therefore, illegally detained and confined in jail.

The prayer of the petition was for a writ of *habeas corpus* directed to the sheriff, and that upon the hearing the petitioner be discharged.

On the hearing of said petition, there was introduced in evidence the original indictments, copies of which were attached as exhibits to the petition, and the judgment entries in each of the three cases, copies of which were attachd as exhibits to the petition.

W. D. Howell, the sheriff of Clay county, testified that on April 5, 1899, after the petitioner had been sentenced by the court in each of the three cases, he took the petitioner in custody and committed him to the county jail of Clay county, and has held him confined therein ever since, and that the petitioner has not been put to hard labor for the county.  There was introduced in evidence the record of the minutes of the commissioners court of Clay county, which contained the following order concerning convicts, adopted at the regular term of the commissioners' court on February 8, 1897: "It is ordered that E. H. Phillips, agent of hard labor for Clay county, be and he is hereby authorized to contract with Sloss Iron & Steel Co. for the hire of the convicts of said county at the rate of $5 per month per head for each convict."

The petitioner then offered in evidence the contract made under the above order, which contained the stipulation that it was to commence on January 1, 1897, and terminate on December 31, 1897.

The commissioners' court minutes showed no other or further order of any nature in regard to the work or hiring of the county convicts of Clay county.  It was further shown by the testimony of several of the witnesses, against the objection and exception of the petitioner, that on the request of counsel for the petitioner, and the request of the petitioner himself, he had not been sent to hard labor for the county; each of them stating that the

effort was made to see if the petitioner could not get some one in the county to hire him.

The probate judge of Clay county testified that at the February term, 1899, of the commissioners' court of Clay county, the matter of hiring out the convicts was discussed by the court, and he was instructed, as agent, to make the best terms and contract that he could for the hire of convicts of said county, in or without the county; that on April 19, 1899, he made a contract with the Sloss Iron & Steel Company to take all of the Clay county convicts at $5 per head; that the action of the commissioners' court on February 8, 1899, was not reduced to writing, or any record of the same made. The petitioner objected to this testimony, on the grounds that it was immaterial and irrelevant, and that the alleged contract with the Sloss Iron & Steel Company was made after the filing of this petition. The court overruled this objection, and the defendant duly excepted.

On the introduction of all the evidence, the court refused to discharge the petitioner as prayed for in his petition and remanded him to the custody from which he was taken. The petitioner duly excepted to the rendition of this judgment, and now appeals therefrom.

STOCKDALE & STOCKDALE, for petitioner.

CHAS. G. BROWN, Attorney-General for the State, cited *Ex parte White*, 81 Ala. 80; *Ex parte King*, 82 Ala. 60; *Ex parte Stewart*, 98 Ala. 66.

TYSON, J.—On the 8th day of February, 1897, the commissioners' court entered on its minutes the following order: "It is ordered that E. A. Phillips, agent of hard labor for Clay county, be and he is hereby authorized to contract with the Sloss Iron and Steel Company for the hire of the convicts of said county at the rate of five dollars per month per head for each convict." This order involved the finding and decision by the court that the interest of the county required that such convicts be hired out of the county and was sufficient.—*Ex parte Small*, 81 Ala. 85.

[Haralson v. The State.]

It was unnecessary for the order to determine in what specific manner the convicts should be employed, or to regulate the details of such employment. Section 4521 of the Code which provides that the court of county commissioners or board of revenue shall determine "in what manner and on what particular works the labor shall be performed" has no application to this case. It applies only where there has been established a system of hard labor for a county and convicts are employed in laboring on the public works of such county. The order here made only authorizes a hiring of convicts to a particular person or corporation, out of the county. "This is not a system of hard labor for the county, which is placed by the statute under the superintendence and control of the court of county commissioners."—Code, § § 4521, 4528; *Ex parte White*, 81 Ala. 80; *Ex parte Crews*, 78 Ala. 457.

Nor was it required of the court of county commissioners at their first meeting in 1898, or as soon thereafter as practicable, to re-determine whether the convicts sentenced to hard labor shall be employed in laboring on the public works of the county or shall be let to hire, and their decision to be entered on the records of the court. The statute making this requirement, which existed under the Codes of 1876 and 1886 (§ § 4594, 4468), was repealed by the act of February 18, 1895 (Acts, 1894-95, p. 849), and was not in force when this order was entered, and was not re-enacted by the Code of 1896. The commissioners' court had the right to recognize this order as a valid, subsisting one and to continue to recognize and act under it so long as in their judgment they think it is wise to do so; and in the absence of any other, the hiring of the convicts by them out of the county to the Sloss, Iron & Steel Company under it is regular and proper. And the fact that the contract of hiring with the company is from year to year cannot affect the validity of the order involving their determination to hire them out of the county and to this company.

Section 4535 imposes the duty upon the court of county commissioners, or board of revenue by themselves, or by some member of their body, or other person

to be appointed by them, to make the contract of hire. The contract of hire in this case was made by the probate judge who was and is a member of the court. His authority to do so need not have been in writing.—*Jack v. Moore,* 66 Ala. 184.

The petitioner cannot be heard to complain that he was not put to hard labor earlier. His detention in the county jail after conviction was at his request in order that he and his counsel might find some one in the county who would hire him and to obviate his being sent away out of the county.

The judgment refusing to discharge on the writ of *habeas corpus* must be affirmed.

Affirmed.