# Blake *v.* State, *ex rel.* Going, *et al.*

### *Mandamus.*

(Decided May 30, 1912. Rehearing denied June 29, 1912.
59 South. 623.)

1. *Statutes; Witness Fees; Custody of Funds; Vested Rights.*— Construing Acts 1909, p. 213, and Acts 1911, p. 200, it is held that unclaimed witness fees, not reported by the clerk of the court by which they were collected, did not vest in the state; and by the repeal of the former act without a saving clause as to pending proceedings and prosecutions, such fees were made payable to the County Treasurer, and not to the State Treasurer.

2. *Same; Construction.*—Where the language of a statute is plain and unequivocal and its application definite and certain, courts will not look about for unexpressed intentions nor indulge in speculation as to possible or probable qualifications that might have been in the minds of the legislators.

3. *Same; Repeal.*—If the repealing statute was general and unconditional, without a saving clause for pending proceedings and prosecutions, these fall with the repeal of the statute authorizing them.

4. *Same.*—When a statute is repealed, it stands as if it had never existed as a general rule, except as to vested rights which have accrued under its operations.

5. *Constitutional Law; Vested Rights; Repeal.*—The Legislature has full power to take away by statute rights which have been conferred by statute, when not vested.

(McClellan, J., dissenting.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Mandamus by the State of Alabama on the relation of Job M. Going and others as constituting the Board of Revenue of Jefferson county, to compel Sam M. Blake as Clerk and Register of the City Court of Birmingham to forthwith file his report and pay into the county treasury of Jefferson county, money collected as witness fees and not claimed. From an order granting the writ respondent appeals. Affirmed.

[Blake v. State, ex rel. Going, et al.]

NATHAN L. MILLER, and ROBERT C. BRICKELL, as Attorney General, for appellant. The fund was one of which the Legislature has absolute and complete control, and in which neither the state nor the county has any vested right, and it is clear that while the act of 1911 was intended as a complete substitute for the act of 1909, it could not possibly have been in the legislative contemplation that by the passage of the Act of 1911, they were disposing of funds which they certainly are supposed to have believed already in the state treasury at the time of the passage of said Act. Certainly they presumed that the clerks of courts of record had complied with their duty under the Acts of 1909, and had by or before January 1, 1911 paid into the state treasury funds derived from this particular source, which were in their hands on that day.

W. K. TERRY, for appellee. The Acts of 1911, repealed all former statutes relating to subject matter even if the former Acts were not in all respects repugnant to the new act.—36 Cyc. 1077. There is nothing in the latter act to show an intention to keep the previous acts in force.—36 Cyc. 1097. The cardinal rule of construction is that the courts will give effect to the intention of the Legislature, but where the language used is clear and unambiguous there is no reason for a construction, and the language used will be given its plain effect.—36 Cyc. 1106; 175 U. S. 414. Under these rules it is clear that the Legislature intended by the Act of 1911, to repeal all former acts and that the funds in question should be paid into the county treasury, there being no vested right in others.

SOMERVILLE, J.—Section 1 of the act of August 26, 1909, "to regulate the disposition and disbursement

of witness fees collected by clerks of courts of record and which fees have not been paid out to the parties entitled thereto within two years after collected by the clerk," is as follows: "1. That on the first day of January, in each year, all clerks of courts of record within this state shall file with the state treasurer a full and complete report of all witness fees collected by them  or received by them from their predecessors in office which have not been disbursed to the persons legally entitled thereto, and shall pay into the state treasury all such witness fees which have been collected by them or their predecessors more than two years preceding the making of said report. Said report shall show the amount and date of the collection, the name of the witness for whom collected, and the court, style of cause, and date of its final termination, in which said fee was collected." Section 2 provides that the persons entitled to these fees are barred from claiming them after six years from the date of their collection, and that thereafter, on January 1st of each year, the treasurer shall transfer such fees as are thus barred of claim to the general fund of the state. Section 3 provides that retiring clerks shall pay over to their successors in office such fees as they have collected and not paid into the state treasury, together with an itemized statement thereof. —See Special Session Acts 1909, p. 213.

On April 5, 1911, an act of the Legislature was approved identical in language with the act above referred to, except that "county" was substituted throughout for "state," thus making the *county* treasurer the custodian of the unclaimed fees, and the general *county* fund the ultimate beneficiary of such as were finally barred of claim. Section 4 of this act declares that "all laws or parts of laws in conflict with this act be and

the same are hereby repealed." See Session Acts 1911, p. 200.

The petitioners, constituting the board of revenue of Jefferson county, seek by mandamus to compel the respondent, who is clerk of the city court of Birmingham, to file with the county treasurer his report of the witness fees collected by his predecessor in office more than two years prior to January 1, 1911, and to pay over these fees, amounting to $4,788.83, and still retained by respondent, to the county treasurer.

Upon the overruling of his demurrer to the petition, respondent filed his answer, which, on demurrer, was held insufficient; and, respondent declining to answer further, judgment was entered for petitioners in accordance with their prayer.

The single question presented by the appeal, as argued by counsel, is whether the act of 1911 operates upon and controls the disposition of such witness fees as, under the act of 1909, should have been reported and paid over to the state treasurer on January 1, 1911.

It is argued with both force and reason that the Legislature, in passing the later act, could not have had in contemplation the failure of clerks to obey the mandates of the earlier act, and hence could not have intended to subject to the influence of the later act such fees as may have been improperly retained by them in violation of the pre-existing law. We would be inclined to so construe the act of 1911 if its language were at all ambiguous in meaning or application. But it clearly repeals the act of 1909, and is intended as a complete substitute therefor. Its language with respect to the fees included within its operation is general and comprehensive, viz., "all such witness fees which have been collected by them or their predecessors, more than two years preceding the making of said report," and

[Blake v. State, ex rel. Going, et al.]

"which have not been disbursed to the persons legally entitled thereto." We are satisfied that this language does not admit of any implied exceptions, and that to interpose any would amount to judicial legislation. Where the language of a statute is plain and unequivocal, and its application definite and certain, courts will not search for unexpressed intention, nor indulge in speculations as to possible or even probable qualifications that may have been in the mind of the Legislature.—*Lehman Co. v. Robinson,* 59 Ala. 219, 239.

It is a general rule, also, that when a statute is repealed it stands as if it had never existed, except as to vested rights which have accrued under its operation. —36 Cyc. 1169. Under the act of 1909, the state had acquired no vested rights in the fees in question. Doubtless it had, prior to the act of 1911, a right to compel respondent to report and pay them over to the state treasurer as their appointed custodian. But, except as it had been already executed, the influence and operation of the act of 1909 was completely nullified by its repeal in 1911. "The Legislature has full power to take away by statute, rights not vested, which have been conferred by statute. If the repealing statute is general and unconditional, without a saving of pending proceedings and prosecutions, these fall with the statute which may have authorized them."—*Luke v. Calhoun County,* 56 Ala. 415. This principle seems clearly applicable to the two acts under consideration.

Our conclusion is that the rulings of the trial court are free from error, and the judgment must be affirmed.

Affirmed. All the Justices concur, except McCLELLAN. J,, dissenting.

Justice McClellan is of the opinion that the fund in question was not subject to the operation of the act of April 5, 1911.