**BOWDEN v. STATE.  (4 Div. 879.)**

(Court of Appeals of Alabama.  Aug. 28, 1923.)

**1. Courts ⬅═33 — Records of commissioners' court must show every jurisdictional fact.**

The county commissioners' court being one of special and limited jurisdiction, its records must affirmatively show every fact necessary to confer jurisdiction.

**2. Counties ⬅═52—Commissioners' court may hire out convicts at special term.**

The hiring of convicts is a special duty, imposed on the county commissioners' court by Code 1907, vol. 3, p. 422, as distinguished from its general duties in the transaction of the routine business provided for in chapter 65, and hence may be performed at a special term, under section 3311.

**3. Judgment ⬅═497(1)—Determination of jurisdictional fact by court of limited jurisdiction is res adjudicata.**

When the record of a court of limited jurisdiction shows that a jurisdictional fact has been ascertained, such determination is res adjudicata, and cannot be collaterally attacked.

**4. Convicts ⬅═10(4)—Order authorizing hard labor agent to let convicts for hire outside county valid until another order is entered.**

An order of the county commissioners' court, authorizing the hard labor agent to let convicts for hire outside the county, is valid until another order is entered.

**5. Convicts ⬅═10(4) — Contract leasing all county convicts not objectionable because it fails to provide for leasing of particular convict.**

A contract executed by the clerk of the circuit court, as ex officio hard labor agent (Local Acts 1900–01, p. 645), leasing all the county convicts for hire, is not objectionable because it fails to provide for the leasing of a particular convict.

**6. Escape ⬅═10 — In prosecution for escape from hard labor, state need not show that lessee was highest bidder for county convicts.**

In a prosecution for escape from hard labor, the state need not show that the company to which defendant was leased, with other county convicts, was the highest bidder.

**7. Escape ⬅═10—Evidence as to where defendant was captured and when he was brought back held competent.**

In a prosecution for escape from hard labor, it is competent for the state to prove where defendant was captured and when he was brought back.

**8. Criminal law ⬅═753(3)—General affirmative charge for state proper, where evidence was not conflicting.**

Where there was no conflict in evidence, on which it was the jury's duty to convict; if they

believed it beyond a reasonable doubt, the court properly gave the general affirmative charge for the state and refused such charge for defendant.

**9. Criminal law ⬅996(1)—Judgment may be corrected nunc pro tunc, and, when certified to Supreme Court, amendment relates back to rendition of original judgment.**

When the bench notes of the judge of a court, rendering a judgment not correctly entered on the minutes by the clerk during the term, together with other entries and memoranda, furnish clear evidence of the rendition of such judgment and what it was, the court, in a proper proceeding, will order correction of the judgment nunc pro tunc, and a judgment so amended pending appeal, when properly certified to the Supreme Court, will relate back to the rendition of the original judgment.

Appeal from Circuit Court, Covington County; Arthur E. Gamble, Judge.

Richard Bowden was convicted of escape from hard labor, and appeals. Affirmed.

By the judgment entry of March 6, 1923, set forth in the original record, it is shown that the jury returned a verdict of guilty and that thereupon the trial court "ordered and adjudged * * * that the defendant be, and he is hereby, sentenced to serve in the penitentiary," etc.

Thereafter the state, by its solicitor, moved the court to amend the judgment nunc pro tunc, and the same was on June 4, 1923, amended so as to show a formal adjudication of guilt and sentence to hard labor for the county.

Fleming & Yarbrough, of Enterprise, and E. O. Baldwin, of Andalusia, for appellant.

The order of the commissioners' court was void, because not shown to have been made at a time provided by law. Kidd v. Burke, 142 Ala. 625, 38 South. 241; L. & N. v. Malone, 116 Ala. 600, 22 South. 897.

Harwell G. Davis, Atty. Gen., and Powell & Reid, of Andalusia, for the State.

The order of the commissioners' court, authorizing the hard labor agent to let the convicts for hire, was valid. Loc. Acts 1900–01, p. 645; Code 1907, vol. 3, p. 423; Haralson v. State, 123 Ala. 89, 26 South. 653; Thames v. State, 12 Ala. App. 307, 68 South. 475; Walker v. State, 12 Ala. App. 229, 67 South. 719.

FOSTER, J. On April 15, 1921, the defendant was convicted in Coffee county for violation of the prohibition laws, and was sentenced to hard labor for the county to pay the fine and costs and to sixty days' additional hard labor as punishment. On December 16, 1920, the hard labor agent of Coffee county, by authority of the board of county commissioners, entered into a contract with the Horse Shoe Lumber Company, doing business in Covington county, to hire to said company the county convicts for the year 1921. In April, 1921, the defendant was delivered to the Horse Shoe Lumber Company under said contract. and commenced serving his sentence. Shortly thereafter he escaped from the hirer and was recaptured June 6, 1921, in South Carolina.

The defendant was convicted of an escape from hard labor.

The record shows without dispute the conviction of the defendant in Coffee county, the sentence to hard labor for the county, the hiring of the Coffee county convicts for the year 1921 to the Horse Shoe Lumber Company in Covington county, and the evidence shows that the defendant departed or ran away from such labor before the expiration of the time for which he was sentenced.

Section 6864, Code 1907, provides:

"Any convict sentenced to imprisonment in the county jail, or to hard labor for the county, who escapes from such confinement, or departs or runs away from such labor before the expiration of the time for which he was sentenced, must on conviction, be sentenced to the same punishment for not more than six months."

The clerk of the circuit court of Coffee county is ex officio hard labor agent for the county. Local Acts 1900–01, p. 645.

The court of county commissioners for Coffee county, at a special term held on September 28, 1908, for the purpose of considering the disposition and work of the county convicts, entered an order on the minutes of the court "that the county convicts be hired to the highest bidder, either within or without the county," and authorized the hard labor agent to hire said convicts to the highest bidder; the convicts to be employed at saw mill work, farm work, or road work.

An act of the Legislature, approved November 30, 1907, found in the Code of 1907, vol. 3, on page 422, gives the board of county commissioners superintendence and control of the county convicts, and empowers such boards to determine in what manner and on what particular works the convicts may be required to work, and authorizes the letting of such convicts to hire to labor anywhere within the state. as may be determined by the board of county commissioners.

Counsel for defendant objected to introduction in evidence of the order of the commissioners' court entered September 28, 1908, the same having been entered at a special term of the court; one ground of objection being that the call "was based on a former order of said commissioners' court, and that the statute provides that, before the commissioners' court can convene to transact business, certain notices must be given, and it is not shown that such notices were given."

The order of the commissioners' court relating to the special term and notice thereof is as follows:

"Elba, Ala., Sept. 28, 1908.

"This being the day heretofore set by an order of the court made and entered on the records of the court for the purpose of holding a special term of the commissioners' court of Coffee county, Alabama, for the purpose of considering the disposition and work of the county convicts of said county, notice of which meeting has been duly published in the Elba Clipper, a weekly newspaper published in said county, for more than ten days before this date," etc.

[1] A court of county commissioners is one of special and limited jurisdiction, and its records must affirmatively show every fact, the existence of which is necessary to confer jurisdiction. Long v. Commissioner's Court, 18 Ala. 482; Wightman v. Karsner, 20 Ala. 451; Joiner v. Winston, 68 Ala. 129.

[2] Section 3311, Code 1907, provides:

"In cases where officers are to be appointed, or vacancies supplied, or any other special duty required by law to be performed, a special term must be held, by direction of the judge of probate, upon ten days' notice by advertisement in some newspaper in the county, or by posting up at the courthouse door, and two other public places in the county, notice of the same."

The hiring of convicts is a special duty imposed on the courts of county commissioners as contradistinguished from the general duties in the transaction of the regular and routine business of the court, provided for in chapter 65 of the Code, and may be performed either at a special or at a regular term of the court. Walker v. State, 12 Ala. App. 229, 67 South. 719; Thames v. State, 12 Ala. App. 307, 68 South. 474.

The court of county commissioners of Coffee county was authorized to hold a special term of court for the disposition of the county convicts and to determine the manner of working them and whether they should be worked within the county or outside the county within the state. Section 3311, Code 1907; Walker v. State, supra; Thames v. State, supra.

[3] The objection raised was "that, before the commissioners' court can convene to transact business, certain notices must be given, and it is not shown that such notices were given." The notice referred to no doubt is the requirement of ten days' advertisement in some newspaper in the county, or by posting up at the courthouse door, and two other public places in the county, notice of the special meeting.

The order of the commissioners' court affirmatively shows that it was ascertained by the court that notice of the meeting "has been duly published in the Elba Clipper, a weekly newspaper published in said county, for more than ten days before this date."

It is a recognized principle that if courts of limited jurisdiction are charged with the ascertainment of a jurisdictional fact, and its proceedings show the fact was ascertained, they cannot be collaterally impeached. Pettus v. McClannahan, 52 Ala. 55.

When the record discloses that the fact on which the jurisdiction depends has been ascertained the determination is res adjudicata and cannot be questioned.

"The record imports, then, absolute, uncontrollable verity, and possesses undoubted validity and efficacy." Pettus v. McClannahan, supra; Hamner v. Mason, 24 Ala. 480.

[4] The order of the commissioners' court was properly admitted in evidence. The order of the commissioners' court, dated September 28, 1908, authorizing the hard labor agent to let the convicts for hire outside of the county, is valid until another order is entered. Haralson v. State, 123 Ala. 89, 26 South. 653; Thames v. State, supra; Walker v. State, supra.

[5, 6] The contract entered into between Coffee county by the clerk of the circuit court, who was ex officio hard labor agent for the county, and the Horse Shoe Lumber Company, was a valid binding contract, and is not objectionable because it fails to provide for the leasing of this particular convict. It provides for the leasing of all Coffee county convicts for 1921. And it was not necessary for the state to show in this prosecution that the Horse Shoe Lumber Company was the highest bidder for the county convicts.

[7] It was competent for the state to prove where the defendant was captured, and when he was brought back, as tending to show that he had run away from the hard labor. There is no merit in the other exceptions reserved to the evidence.

[8] The court properly gave the general affirmative charge for the state requested in writing, and properly refused the affirmative charge for the defendant. There was no conflict in the evidence, and if the jury believed the evidence beyond a reasonable doubt it was their duty to convict the defendant.

[9] The court, on June 4, 1923, amended the judgment nunc pro tunc. Whenever the bench notes of the judge of a court in which judgment was rendered (but not correctly entered on the minutes by the clerk during the term), taken in connection with the other entries and memoranda required to be kept, furnish clear evidence of the rendition of the judgment, and what the judgment really was, the court will, upon proper proceeding, order, nunc pro tunc, the correction of such judgment, showing the judgment really rendered, to be entered on the minutes, and the judgment when so entered relates back to the time it was actually rendered by the court. A judgment may be amended at a subsequent

time nunc pro tunc pending appeal; and the amendment, being properly certified to this court, will relate back to the rendition of the original judgment; the purpose being to make the record speak the truth. Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 South. 45; Palmer v. State, 2 Ala. App. 265, 56 South. 50; Minto v. State, 9 Ala. App. 95, 64 South. 369.

The defects and irregularities in the original judgment entry were remedied by the amendment.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.