36 So.2d 480

## OPINION OF THE JUSTICES.
### No. 89.

Supreme Court of Alabama.
July 30, 1948.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Title 13, § 34, as to whether the Board of Compromise, acting under Code 1940, Title 55, § 12, may release, diminish or compromise a claim based on final tax assessment made by Department of Revenue, in view of Section 100 of the Constitution.

June 22, 1948.

The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama

Judicial Building

Montgomery, Alabama

Gentlemen:

Under the provisions of Title 13, Section 34, Code of Alabama 1940, your written opinion is respectfully requested on the following important constitutional questions:

1. Does Section 100, Constitution of Alabama 1901, prohibit the Governor, Attorney General, and Auditor, acting as a Board of Compromise under Title 55, Section 12, Code of Alabama 1940, from releasing, diminishing, or compromising a claim of the State or its political subdivisions based upon a final tax assessment made by the Department of Revenue against a solvent taxpayer, after legal and proper notice to the taxpayer, which tax is authorized by statute to be assessed by the Department of Revenue; no appeal having been taken to the Circuit Court from such final assessment?

2. Would the answer to Question No. One above be the same if (a) such taxpayer is insolvent; and if (b) such taxpayer is insolvent but owns assets subject to the tax lien and sufficient to discharge such lien?

3. Is a final tax assessment made by the Department of Revenue upon legal and proper notice such "doubtful claim" within the purview of said Section 100 of the Constitution as to authorize or empower said Board of Compromise to assume jurisdiction and to release, diminish, or compromise such final assessment on such terms as to the Board seem just and reasonable upon petition filed with the Board by a dissatisfied taxpayer, and in the absence of an appeal to the Circuit Court from such final assessment?

Respectfully submitted,
James E. Folsom
Governor of Alabama

To the Hon. James E. Folsom,

Governor of Alabama,

Montgomery.

Sir:

Answering your inquiry of June 22, 1948, with respect to the jurisdiction of the Board of Compromise over tax assessments, we beg to advise.

Section 100 of the 1901 Constitution reads:

"No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

Section 12, Title 55, Code of 1940, provides:

"The governor, attorney-general, and auditor have authority to adjust, compromise, and settle, on such terms as to them may seem just and reasonable, any claim of the state against any person or corporation, or any public officer, or his sureties, or because of the negligence or default in the safe keeping, collection, or disbursement of the public moneys, or funds, or property, by any officer having charge or custody of either."

Prior to the year 1879 tax liabilities could be compromised by the legislature. See, Tallassee Mfg. Co. v. Glenn, 50 Ala. 489.

The first statute authorizing the compromise of State claims was enacted by the legislature of 1879, Acts 1879, page 176. Sections 1 and 2 of the Act correspond with sections 12 and 13, Title 55, Code of 1940. Sections 1 and 2 of the 1883 Act were brought forward into the Code of 1886 as sections 70 and 71. When carried into the Code of 1886, section 70 read as follows:

"The governor, attorney-general and auditor have authority to adjust, compromise and settle, on such terms as to them may seem just and reasonable, any claim of the state against any person, or any public officer, or his sureties, *arising under the revenue laws;* or because of the negligence or default in the safe keeping, collection, or disbursement of the public moneys, or funds, or property by any officer having charge or custody of either." (Italics ours.)

This section was carried forward into the Code of 1896 as section 3753, omitting however the italicized portion of section 70, quoted above. In short, the legislature amended the section to omit therefrom the words "arising under the revenue laws."

Section 12, Title 55, Code of 1940, is substantially the same as section 3753, Code of 1896. From 1896 to the present time there has been no substantial amendment in such section.

The only amendment that has been made to such section as it appears in the Code of 1896 is to insert the expression "or corporation" after the word "person."

Section 100, supra, first appeared in our Constitution of 1901. It has no counterpart in previous constitutions.

It is suggested that the omission of the words "arising under the revenue laws" from section 70, supra, when it was carried forward into the Code of 1896 as section 3753, evinces a legislative intent to exclude claims arising under the revenue laws. We do not agree. Section 3753, supra, is broader in scope and more inclusive than section 70, supra, and, in our opinion, the legislature intended to include not only claims arising under the revenue laws, but other claims as well.

Suggestion is also made that section 12, supra, is unconstitutional because it includes "any" claim, whereas section 100 of the Constitution provides that the legislature may authorize the settlement or compromise of "doubtful" claims only. Section 12, as shown above, antedates section 100 of the Constitution. The proviso in section 100, supra, authorizing the legislature to provide for the settlement of "doubtful claims" is not self-executing. Therefore, section 12, supra, was not repealed when section 100 of the Constitution was adopted. 50 Am.Jur. sections 540–541, page 547.

It is the duty of the Court to construe a statute so as to make it harmonize with the Constitution, if this can be done without doing violence to the terms of the statute and the ordinary canons of construction. A statute in such terms, as not to exclude constitutional requirements and to justify the Court in holding that it is subject to those requirements, should be upheld and the constitutional requirement treated as a feature of it. Montgomery S. R. Co. v. Sayre, 72 Ala. 443; Almon v. Morgan County, 245 Ala. 241, 16 So.2d 511. In other words, the adoption of section 100 of the Constitution had the effect of amending section 70 of the Code of 1896 (now section 12, supra), and must be read into it. It should be considered as dealing with "doubtful claims" only. This has been the administrative construction of section 12,

supra, over a period of many years, and we do not now feel justified in striking it down.

The answer to your inquiry depends largely upon the construction of the term "doubtful claims."

Answering your first inquiry, we are of the opinion that a final tax assessment made by the Department of Revenue against a solvent taxpayer, after legal and proper notice to the taxpayer, which tax is authorized by statute to be assessed by the Department of Revenue, no appeal having been taken to the circuit court from such final assessment, is not a doubtful claim within the purview of section 100 of the Constitution, and cannot be released, diminished or compromised. We therefore answer inquiry numbered 1 in the affirmative.

The answer to your inquiry numbered 2(a) is not the same. The Board of Compromise has the authority to compromise a final tax assessment against an insolvent taxpayer where the assessment thereof is doubtful of collection. Answering inquiry numbered 2(b), the Board of Compromise would not have such authority although the taxpayer is insolvent, but has assets subject to the tax lien sufficient to discharge it. Its collection could not be doubtful.

The answer to your inquiry numbered 3 depends upon whether the collection of such a final tax assessment is doubtful. If there is doubt as to its collectibility it may be compromised, otherwise not. It is to be noted that section 12, supra, the enabling act, provides for the settlement of State claims only. It makes no provision for the settlement or compromise of claims of any political subdivision of the State.

Respectfully submitted,

LUCIEN D. GARDNER
Chief Justice.
JOEL B. BROWN
ARTHUR B. FOSTER
J. D. LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS S. STAKELY
Associate Justices.