53 So.2d 329

**STATE v. BROOKS et al.**
**7 Div. 95.**

Supreme Court of Alabama.

May 24, 1951.

Rehearing Denied June 28, 1951.

690

Si Garrett, Atty. Gen., and H. Grady
Tiller and Wm. H. Burton, Jr., Asst. Attys.
Gen., for appellant.

Merrill, Merrill & Vardaman, Anniston, for appellees.

STAKELY, Justice.

This case involves the power of the Board of Compromise under § 12, Title 55, Code of 1940. The case comes here on appeal from a decree of the equity court sustaining the demurrer of Virgil Brooks and others, appellees, to a bill of complaint as last amended filed by the State of Alabama, appellant.

The bill was filed by the State of Alabama to foreclose and enforce against the property of Virgil H. Brooks a tax lien in favor of the State of Alabama. A certificate thereof was duly filed by the State of Alabama on June 21, 1945, in the office of the judge of probate of Calhoun County, Alabama. The amount secured by the tax lien was fixed and became determined in six final assessments of sales taxes which were made by the State Department of Revenue against Virgil H. Brooks on March 21, 1944. The total amount of the lien in favor of the State as fixed and determined by the aforesaid final assessments of sales taxes aggregated the sum of $4,555.37 with interest.

The appellees W. M. Pippin, F. D. Norman, H. D. Holland, O. M. Casey, and the Commercial National Bank of Anniston are alleged to be the apparent owners and holders of certain mortgages and liens on the property of Virgil Brooks. All of these mortgages and liens are described in detail in the bill of complaint and all of them are recorded in the office of the judge of probate of Calhoun County, Alabama. It is alleged that most if not all of these mortgages and liens or the indebtedness secured thereby have now been paid in full and in cases where they have not been paid in full they have at least been paid in substantial part. It is alleged that entries should be made on the records where these instruments are respectively recorded showing that the mortgage or lien has been paid in full or showing the partial payments thereon. It is further alleged that Virgil H. Brooks and his wife, Gladys Brooks, and some of the lien holders and mortgagees have schemed together to defeat the State of Alabama in foreclosing its tax lien by not satisfying the same on the record where the same have been paid or by not making entries of partial payments where such partial payments have been made.

It is further alleged that the appellant on September 10, 1945, and on subsequent dates has had issued writs of execution on said final assessments which were directed to the sheriff of Calhoun County, Alabama, and which ordered him to levy on the property of Virgil H. Brooks in order to satisfy the aforesaid final assessments and that on all of said occasions the sheriff has returned the executions "no property found," with the explanation that he could not carry out the writs of execution because of the liens and mortgages against the property of Virgil H. Brooks held by the aforesaid parties and because, as appeared from the record, they constituted liens on the property of Virgil H. Brooks superior to the tax liens of the State.

It is further alleged that the Board of Compromise, purporting to act as authorized by § 12, Title 55, Code 1940, on a petition filed by Virgil H. Brooks, entered an order January 13, 1947, containing, among other things, the following:

692

"That on, towit, April 15, 1944, the petitioner filed notice of appeal from said final assessment in the Circuit Court of Calhoun County, Alabama, in equity, but was unable to raise the required supersedeas bond in order for him to perfect his appeal, and upon motion of the State Department of Revenue said appeal was dismissed and petitioner was denied a hearing on the merits of his appeal in the Circuit Court of his residence.

"It further appears from said petition that the petitioner conducted a retail as well as a wholesale business, and that for sales tax records he kept separate records on his wholesale and retail transactions, and that on, to-wit, the 18th day of February, 1943, petitioner's place of business was destroyed by fire and all his records were destroyed.

"It appears that petitioner now offers the sum of $250.00 in full and complete settlement of this sales tax assessment.

"The Board is of the opinion that this claim is doubtful of collection, and is of the further opinion that this offer of settlement of $250.00 should be accepted.

"It is therefore, ordered, adjudged and decreed by the Board that the State Department of Revenue be and it hereby is authorized and directed to compromise and accept this sum of $250.00 in full and complete settlement of all sales tax claims which it has against the said Virgil H. Brooks accruing between the period of January 1, 1939, and December 31, 1942."

The petition which Virgil H. Brooks filed to the Board of Compromise and pursuant to which the foregoing order was entered, shows that he filed notice of appeal from the final assessments in the circuit court of Calhoun County, in equity, and in view of the provisions of § 140, Title 51, Code 1940, he was required to make a supersedeas bond in double the amount of the assessments, to wit, $9,200. The petition also contains the following: "Your petitioner further avers that he was unable to make such a bond or to pay the amount of the assessments, and for this cause his appeal to the Circuit Court of Calhoun County was, upon motion of the State Department of Revenue, dismissed and your petitioner was denied a hearing on the merits of his appeal in the Circuit Court of his residence."

The petition also contains allegations in substance that he had a meritorious defense to the assessments; that during the period covered by the assessments he kept his wholesale and retail records separately; that on February 18, 1943, his place of business caught on fire and his records were destroyed and that but for such fire he would be able to show conclusively the exact amount of his wholesale sales and to show that he had paid all sales taxes due by him; and that in truth and in fact he is not indebted to the State of Alabama for sales taxes.

It is alleged in the bill of complaint that the order of the Board of Compromise is beyond the powers of the Board of Compromise and is void; that Virgil H. Brooks was solvent at the time of the alleged determination of the Board of Compromise and has sufficient assets to satisfy the claim due the State of Alabama; and further that the attempted compromise by the Board is void under § 100 of the Constitution of Alabama of 1901.

Under § 883, Title 51, Code of 1940, it is provided that if any person liable to pay any tax, other than ad valorem taxes, neglects or refuses to pay the same, the amount of the tax including any interest and the other items set forth in the statute, shall be a lien in favor of the State of Alabama upon all property and the rights to property, real or personal, belonging to such person. It is further provided that such a lien shall not be valid against any mortgagees, purchaser or judgment creditor until after the time a notice thereof has been filed by the department of revenue or other agency of the state or county in the office of the judge of probate of the county in which such property, real or personal, is located. It is further provided that the department of revenue or other agency of the state or county with whom the assessment list, return or to whom the payment of the tax was due to be made or paid may file in the office of the judge of probate of any county in the state

a certificate which shall show, among other things, the amount and nature of the tax for which a lien was claimed, the names of all persons against whose property a lien for such tax is claimed and the date thereof. Under § 1, Title 33, Code of 1940, it is provided that any lien may be enforced in the manner provided by statute, if so provided, or in equity or by attachment for enforcing liens or by any similar mode or remedy existing at common law. In Wise v. State, 208 Ala. 58, 62, 93 So. 886, 889, it was pointed out that the remedy provided by statute for the sale of property for taxes through the probate court was not exclusive and that in a proper case there is no reason why the statutory tax lien should not be enforced in equity, the court observing: "* * * though a court of chancery is given the concurrent jurisdiction generally to enforce liens under the statute * * *, yet it will not be done if shown to that court that the exercise of jurisdiction would result in a conflict of jurisdiction with the probate court, or court of county commissioners or board of revenue of the county * * *."

 The bill in the present case shows a need for the intervention of a court of equity. Other existing liens on the property are alleged or are alleged apparently to exist and according to the allegations of the bill at least some of these liens appear to be liens prior to the lien which the state may have under § 883, supra. The power of the equity court is needed to declare and adjust the priorities alleged to exist among conflicting lien holders. Wise v. State, supra; Wade v. Kay, 210 Ala. 122, 97 So. 129; Griel Brothers Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692.

The original bill filed by the State of Alabama contained no mention of the order made by the Board of Compromise which has been hereinabove referred to. Virgil Brooks demurred to the original bill and without waiving the demurrer answered the original bill by setting up the order of the Board of Compromise showing that the claim of the State had been reduced by the order of the Board of Compromise to $250.00 and alleging that the State was without authority to collect or recover from him any sum in excess of $250.00, the amount fixed by the Board of Compromise in settlement of the claim of the state. The answer contains the following: "Said respondent Virgil H. Brooks hereby offers to do equity by paying said sum of $250.00 into court and tenders the same as the full amount due under said judgment, order and decree of the State Board of Compromise."

The State of Alabama amended its original bill by allegations alleging in effect that the order of the Board of Compromise was void and beyond the powers of the Board of Compromise under § 100 of the Constitution of Alabama of 1901, as has been hereinabove set forth. The state attached to its amended bill the order of the Board of Compromise.

Virgil H. Brooks thereupon demurred to the bill of complaint as last amended and the court sustained the demurrer.

The bill of complaint as last amended contains no allegations showing payment of $250.00 into court or the tender thereof and so the question presented is not whether the State has a lien against the property of Virgil H. Brooks, but whether the amount of such lien has been reduced from the original amount to the sum of $250.00. It is the contention of the appellees that the order of the Board of Compromise is valid while on the other hand the State insists that the order of the Board is beyond the power of that Board under § 100 of the Constitution of Alabama of 1901.

 In Re Opinion of the Justices, 251 Ala. 96, 36 So.2d 480, the Justices of this court gave as their opinion that where there is a final tax assessment made by the Department of Revenue against a solvent taxpayer for a tax duly authorized and after proper notice, such final tax assessment is not a doubtful claim within the meaning of § 100 of the Constitution and cannot be released, diminished or compromised. On the other hand, the Justices pointed out that the Board of Compromise does have the authority to compromise a final tax assessment against an insolvent taxpayer where the assessment thereof is doubtful of collection. In other words, if there is doubt as to its collectibility by reason of the financial condition of the taxpayer or his lack of assets sufficient to dis-

694

charge the lien of the State; the claim can. be compromised; but if the doubt lies in the ability of the State to establish its' claim because of meritorious defenses which the taxpayer may have against the claim, then the claim cannot be compromised, released or diminished.

This brings us to the pivotal point in this case. How far can this court now go in considering the order of the Board of Compromise and what meaning or effect should now be given to its order?

■ Section 12, Title 55, Code 1940, authorizes the Governor, Attorney General, and Auditor to adjust, compromise, and settle on such terms as to them may seem just and reasonable any claim of the State as described in the statute. This includes claims arising under the revenue laws. Opinion of the Justices, supra. This so-called Board of Compromise is an administrative body with quasi judicial powers. It is obviously a board of special and limited jurisdiction and therefore its records must affirmatively show every fact which is necessary to confer jurisdiction. Bowden v. State, 19 Ala.App. 377, 97 So. 467.

■ It is an accepted principle that "The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers." 50 C.J.S., Judgments, § 690, page 148. Furthermore, "When the record discloses that the fact on which the jurisdiction depends has been ascertained the determination is res adjudicata and cannot be questioned." Bowden v. State, supra, 19 Ala.App. 379, 97 So. 467, 469. Of course, we are not considering the right of review as where certiorari has issued to make a limited review of the quasi judicial acts of an administrative board. Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148. Nor is the effort here to impeach for fraud the order of the Board of Compromise by a bill in the nature of a bill of review. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33.

■ Turning now to the order of the Board of Compromise, it seems that at best, from the standpoint of the State, there are contradictory statements in the order with reference to the jurisdiction of the Board of Compromise. The order states that "the Board is of the opinion that this claim is doubtful of collection." These words in the order mean that the claim is doubtful because of uncollectibility and not because the claim may not be established. The contradiction, if any, in the order arises out of the fact that it contains recitals indicating, perhaps by inference, that the taxpayer has a meritorious defense on the merits of the claim. But where there is a finding of fact which confers jurisdiction, then such a recital should be given effect unless the contradiction in the order is direct, explicit or irreconcilable. 31 Am.Jur. 201.

■ The State argues that we should look to the petition on which the order is based. The statute makes no provision for a petition. So the order is the only part of the record to which we are authorized to look. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903. But even if the petition is taken into consideration, somewhat the same situation is encountered to which we have referred. While there are allegations tending to show a meritorious defense, there is also an allegation that the taxpayer is unable to pay the amount of the assessments.

■ The order of the Board of Compromise is not void upon its face and will be upheld because it shows that the Board of Compromise ascertained the existence of the necessary jurisdictional fact to support the order. Authorities, supra. The demurrers were directed to the allegations of the bill of complaint as a whole as last amended. In sustaining the demurrer the court was in error because while the order of the Board of Compromise is valid, the bill nevertheless has equity to enforce the lien of the State to the extent of $250.00.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.