89 So.2d 525

**STATE of Alabama**

v.

**V. G. OVERBY et al., d/b/a Shamrock Billiard Parlor.**

**6 Div. 58.**

Supreme Court of Alabama.

Sept. 6, 1956.

———o———

John Patterson, Atty. Gen., and Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

40

Skidmore & Davidson, Tuscaloosa, for appellees.

SIMPSON, Justice.

The appellee was assessed additional punchboard tax by the Department of Revenue and appealed said assessment to the Circuit Court, sitting in equity, for a trial de novo under the provisions of § 140, Tit. 51, Code of 1940. This is an appeal by the State from the ruling of the Circuit Court in equity overruling the State's demurrer to the taxpayer's bill as amended.

An assessment duly made by the Department of Revenue is prima facie correct and where an appeal is taken from the assessment the burden is on the taxpayer to show that such assessment is incorrect. Tit. 51, § 140, Code of 1940; First National Bank of Birmingham v. State, 262 Ala. 155, 77 So.2d 653; Paramount-Richards Theatres v. State, 252 Ala. 54, 39 So.2d 380.

A demurrer to the bill is the proper method in equity to raise an issue of law on facts alleged, whether the proceedings be a tax appeal to equity, or some other equitable right or remedy. Holloway v. State, 262 Ala. 437, 79 So.2d 40; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d

342; Merriwether v. State, 252 Ala. 590, 42 So.2d 465, 11 A.L.R.2d 918.

■ While the taxpayer's bill was rather inexpertly drawn, we think that the bill satisfies the statute for such an appeal, and that the State's demurrer was not well taken. Ground number (11), that "Said assessment was not based on the sale, storage or receiving of raffle boards, punchboards, 'tip' boards, or raffle or chance cards or tickets", when considered with the rest of the bill, is sufficient as against the demurrer. The bill as framed had only one aspect which stated a good cause of action notwithstanding the fact that many of the averments were bad. Consequently, the trial court did not err in overruling the demurrer.

We lay aside now the trial court's ruling on the demurrer and take up some of the insufficient grounds alleged by the taxpayer in view of the fact that these grounds might be issues in a later trial of the case.

■ The taxpayer insists that § 579, Tit. 51, Code of 1940, (Code Section under which the tax was assessed) is unconstitutional in that it authorizes a lottery in violation of § 65 of the Constitution of Alabama of 1901. We construed this Code Section prior to its 1947 amendment, Acts 1947, p. 496, and held said Code Section constitutional on the basis that it was not a licensing statute but was a revenue measure which did not authorize illegal use of the punchboards thereby taxed. Casmus v. Lee, 236 Ala. 396, 183 So. 185, 118 A.L.R. 822. We have carefully examined the 1947 amendment to § 579, supra, and find that there are no material changes which affect the constitutionality of the statute. We, therefore, hold that said § 579, as amended in 1947, is not subject to the constitutional challenge asserted.

■ The taxpayer next contends that since § 579, as amended, was repealed on July 29, 1953, without a saving clause or without being re-enacted into law, no tax is due the State under said Code Section even though the tax was due prior to the repeal of the statute. He relies upon the case of Blake v. State, 178 Ala. 407, 59 So. 623. This case is not authority for the proposition. We quote from the Blake case, 178 Ala. at page 411, 59 So. at page 625:

"It is a general rule, also, that when a statute is repealed it stands as if it had never existed, *except as to vested rights which have accrued under its operation.* 36 Cyc. 1169. *Under the act of 1909, the state had acquired no vested rights in the fees in question.*" (Emphasis supplied.)

The Blake case is still the law today and does not contravene § 100 of the Alabama Constitution of 1901 because the case specifically excepts vested rights, which includes taxes due the State, from its operation.

Section 100, as pertinent, provides that:

"No obligation or liability of any person, association, or corporation held or owned by this state * * * shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof * * * provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

In State ex rel. Carmichael v. Jones, 252 Ala. 479, 485, 41 So.2d 280, 285, we said:

"It is settled law in this jurisdiction that when the amount of an obligation has been legally fixed and determined it cannot by reason of such constitutional restriction be released unless its collection is doubtful and then only by the Board of Compromise, under § 12, Title 55, Code. So in applying § 100 of the Constitution to any particular situation, it is necessary to determine first

**42**

whether the amount of the claim has been fixed * * *."

The amount of the claim in the instant case had been fixed and was due prior to the repeal of the taxing statute, therefore, the repeal of the statute had no legal effect upon said tax liability. See also State v. Brooks, 255 Ala. 689, 53 So.2d 329; Opinion of the Justices, 251 Ala. 96, 36 So.2d 480.

■ The taxpayer's contention that he was deprived of property without due process of law is without merit. The punchboard tax assessed under § 579 is enforced under the provisions of Title 51, § 732, Code of 1940. This Code Section, i. e., Title 51, § 732, which was followed by the State in the instant case, has been held to satisfy the constitutional requirements of due process. State Tax Comm. v. Stanley, 234 Ala. 66, 173 So. 609; Reynolds v. Fabritis, 233 Ala. 625, 172 So. 889.

■ Furthermore, when the taxpayer appealed the tax assessment to the circuit court for a trial de novo, he waived any irregularities in the proceedings of the Department of Revenue as to notice. The trial on such an appeal is solely upon the merits of the controversy. Tit. 51, § 140, Code of 1940; State v. Pollock, 251 Ala. 603, 38 So.2d 870, 7 A.L.R.2d 757.

■ Much was said in the bill about being denied a jury trial. A jury trial was available to the taxpayer at the time of the tax assessment in question had he made a timely request for a trial by jury under the provisions of Tit. 51, § 732, Code of 1940, which was before the 1953 amendment to this Code Section; but he made no such request.

■ It is deemed proper to observe that since there was no legal right to a jury trial in tax assessment proceedings before boards and commissions when the Constitution was adopted, the right to a jury trial never operated in such proceedings except as provided by statute—and the 1953 amendment to § 732 eliminated the right to a jury trial. Campbell v. State, 242 Ala. 215, 5 So.2d 466; State v. Bley, 162 Ala. 239, 50 So. 263.

The decree of the circuit court is due to be affirmed. So ordered.

Affirmed.

GOODWYN, MERRILL and SPANN, JJ., concur.