Carl Rupert Smith was convicted for escape in the first degree and sentenced to ninety-nine years' imprisonment as a habitual felony offender. Two issues are raised on this appeal from that conviction.
 I
Smith contends that the trial court committed reversible error because it failed to inform the jury of his plea of not guilty prior to the commencement of the trial or the taking of testimony. At the beginning of his oral charge to the jury, after the presentation of all the evidence in the case, the trial judge did read the indictment and did instruct the jury that Smith had pleaded not guilty. The record also shows that on a date prior to trial, Smith was arraigned and pleaded not guilty.
This issue was not preserved for appeal because the record contains no objection raising this matter. Even arraignment and plea can be waived by a defendant's failure to object to the lack thereof until after the jury has returned a verdict.Marsden v. State, 475 So.2d 588 (Ala. 1984); Watts v. State,460 So.2d 204 (Ala. 1983). Furthermore, a plea may be taken "at any time before or during the trial before the jury retired."Newsome v. State, 49 Ala. App. 248, 251, 270 So.2d 680 (1972).
 II
Chilton County Chief Deputy Sheriff Benny Mims was properly allowed to testify to the effect that Smith escaped on April 21, 1985, and was captured on July 1, 1986.
In a prosecution for escape from hard labor, "[i]t was competent for the state to prove where the defendant was captured, and when he was brought back, as tending to show that he had run away from the hard labor." Bowden v. State,19 Ala. App. 377, 379, 97 So. 467 (1923).
 "All evasions, or attempts to evade justice, by a person suspected or charged with crime, are circumstances from which a consciousness of guilt may be inferred, if connected with other criminating facts. * * * We think it permissible to prove the fact of flight, and all the facts connected with it, either to increase or diminish the probative force of the fact itself." Bowles v. State, 58 Ala. 335, 338 (1877).
See Sweatt v. State, 156 Ala. 85, 47 So. 194, 195 (1908) (state could show that deputy sheriff looked for accused for three or four weeks before finding him). "The state is generally given wide latitude or freedom in proving things that occurred during the accused's flight." C. Gamble, McElroy's Alabama Evidence § 190.01(1) (3rd ed. 1977).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.