Plaintiff Raidt appeals from a judgment dismissing his complaint for breach of an agistment agreement and awarding defendants Crane damages in the amount of $3,000 on their counterclaim. We affirm the dismissal of plaintiff's complaint, but reverse the judgment on defendants' counterclaim and remand this cause to the trial court for a new trial on the counterclaim.
In October 1972, Raidt and the Cranes entered into a written agistment contract, whereby the Cranes agreed to receive, for pasture on lands owned by them, cattle to be purchased by Raidt. The Cranes agreed to pasture Raidt's cattle on adequate pasture, to care for, protect, feed, water, and salt Raidt's cattle in a first-class manner and in accordance with the rules of good animal husbandry, and to furnish grazing ample to keep the cattle in first-class condition at all times. They also agreed that Raidt was to have exclusive use of the pasture. The agreement was to continue for five years.
During the Winter of 1974-75, a dispute arose between Raidt and the Cranes. Thereafter, Raidt filed suit against the Cranes, alleging that they had failed to perform their obligations under the contract and that, as a result, his cattle were in extremely poor condition, had decreased greatly in market value, and had suffered calf loss much greater than if they had been properly nourished and cared for. Raidt demanded damages in the amount of $20,000.
In their answer, the Cranes admitted the execution of the agistment agreement, but averred that the written agreement which they signed failed to include a provision by which they and Raidt were to share equally *Page 360 
the costs of all supplemental feed and minerals. They alleged that such a provision had appeared in a writing which had been used as a model for their agreement with Raidt and that they and Raidt had agreed that the provision would be included in the written agreement. They further averred that they did not discover the absence of the provision until a dispute arose in the Winter of 1974-75. The Cranes' answer also denied that Raidt had performed all of the conditions which he agreed to perform. They further denied Raidt's allegations that they had failed to perform their part of the agreement and that as a result of their breach his cattle were in extremely poor condition.
The Cranes filed a counterclaim against Raidt, alleging that Raidt by sharing the cost of supplemental feed during 1972 through part of 1974 had ratified the agreement as entered into prior to the execution of the written agreement. They further alleged that since the Winter of 1974-75 Raidt had refused to pay his share for supplemental feed and minerals.
Raidt denied all the averments of the Cranes' counterclaim.
After hearing the evidence ore tenus, the trial court dismissed Raidt's complaint and rendered judgment of $3,000 for the Cranes on their counterclaim. Raidt appeals.
Raidt's basic contention on appeal is that the trial court's judgment is not supported by the evidence.
The Cranes' contention is that the trial court's judgment is fairly supported by credible and competent evidence and should not be set aside by this Court. They abandon the theory that the written agreement did not accurately state the terms actually agreed upon and argue on appeal that the evidence shows that the written contract was modified by an oral agreement of the parties to share equally the cost of supplemental feed. Certain evidentiary rulings by the trial court would seem to indicate that the trial court rejected the Cranes' original theory.
It is axiomatic that where the evidence has been taken ore tenus, a presumption of correctness attends the trial court's conclusion on issues of fact, and this Court will not disturb the trial court's conclusion unless it is clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence. Adams Supply Co. v. United States Fidelity Guaranty Co., 269 Ala. 171, 176, 111 So.2d 906 (1959).
Relying upon the ore tenus rule, we affirm the trial court's dismissal of Raidt's complaint. Raidt presented considerable evidence that his cattle were underfed and in poor condition. This evidence was not, however, undisputed. John L. Gunter, an experienced cattleman who was familiar with Raidt's herd, testified that the cattle had been given plenty of feed and that in his opinion the cattle had been pastured and fed in a first-class manner and in accordance with the rules of good animal husbandry. In view of this testimony, we cannot say that the trial court's dismissal of Raidt's complaint was clearly erroneous or unsupported by credible evidence.
We reverse the trial court's judgment awarding the Cranes $3,000 on their counterclaim and remand this cause to the trial court for a new trial thereon. There is no evidence which we can find in the record to support the Cranes' contention that the agistment agreement was orally modified to provide that Raidt would share with them the cost of all supplemental feed. There was testimony by Conway Crane that Raidt agreed to pay half the cost of planting millet in the Spring of 1974 and that Raidt agreed to handle the planting of rye in the Winter of 1974-75 in the same way. That testimony was evidence only of an agreement to share the expenses of those two items. There were also in evidence a number of checks written from 1972 to 1974 from Raidt to Crane, some of which indicated that they were in payment for feed. There was no evidence that those checks were made pursuant to an agreement to share the cost of supplemental feed. The *Page 361 
evidence showed that Raidt had not paid his alleged share of the cost of planting the rye in the Winter of 1974-75, but it did not show that his share was as much as $3,000. Raidt's evidence was to the effect that the checks were "loans."
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.