In March of 1978, James Mahaffey, a painter employed by the City of Birmingham, was injured in an on-the-job accident. At the time of the accident, Mahaffey was earning $1,163.07 per month. Mahaffey underwent surgery on June 8, 1978, and shortly thereafter, his pay rate increased to $1,249.73 per month. After surgery, Mahaffey was certified as physically able to return to work, and the record shows that he performed his duties at various times between July 1, 1978, and February 16, 1979. However, in February of 1979, Mahaffey suffered additional discomfort and was declared totally incapacitated. He applied for extraordinary disability retirement, at a rate of 70% of his monthly salary "at the time of the accident," as set out in Act 1272 of the Regular Session of the Legislature of Alabama of 1973, Article VI, Section 8. The Board of Managers of the City of Birmingham Retirement and Relief System (Board) approved the application, and Mahaffey was awarded $874.81 per month.
In March 1985, after receiving benefits for over six years, the Board notified Mahaffey that his pension would be reduced. The reduction was to be from $874.81 per month to $814.15 per month, an amount equal to 70% of Mahaffey's salary as of March 13, 1978. The Board also informed Mahaffey that his pension would be further reduced unless he refunded to the Board $4,440.30 in "overpayment."
Mahaffey appealed the Board's judgment via a writ of mandamus pursuant to Section 11, Article III, of the Board's enabling *Page 1262 
act (Acts of Alabama 1973, Act No. 1272, September 18, 1973, pp. 2134-36). The Jefferson County Circuit Court denied the writ of mandamus, and Mahaffey appeals that denial.
The Board has authority to make determinations as to the rights of any person applying for disability benefits. If those determinations are not appealed at that time, they become final and, in essence, a judicial decision.
The lower court denied Mahaffey's request on the writ of mandamus concerning the Board's tardy audit of Mahaffey's pension, stating that the Board "has the authority to correct clerical errors in the calculation of the amount to be paid to [Mahaffey] and that in this case the error made was a clerical error." We cannot agree.
The law in Alabama is unclouded as to what constitutes a clerical error. As it applies to Rule 60(a), A.R.Civ.P., it is as follows: "the type of error associated with mistakes in transcription, alteration or omissions of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment." Michael v. Michael,454 So.2d 1035, 1037 (Ala.Civ.App. 1984). In the case at hand, the Board made a judgment concerning the pensioner's benefits over eight years ago. That judgment was based on the Board's calculation of Mahaffey's pension on the date he was determined to be totally incapacitated. Some six years later, the Board apparently decided its initial decision was incorrect and that Mahaffey's pension should be based upon the amount of his pay on the date of injury.
Clearly, both of these determinations were judgments on the part of the Board of the amount of pension to which Mahaffey was entitled. Michael, supra.
It was not a clerical error. Furthermore, in Alabama,
 "[t]he rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers."
State v. Brooks, 255 Ala. 689, 694, 53 So.2d 329, 333 (1951). The determination in the present case is judicial in nature.
This case is reversed and remanded to the circuit court with instructions to issue a writ of mandamus to the Board to rescind its decision and order of August 5, 1985.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.