INGRAM, Judge.
Jack E. Brown began employment as a firefighter with the City of Birmingham in 1947. He developed a permanently disabling heart condition while fighting a fire in December 1976, and retired in January 1977. Brown earned $577.00 biweekly at the time of his retirement and also received an annual longevity payment every September.
The Board of Managers of the City of Birmingham Retirement and Relief System *85 (Board) determined in January 1977 that Brown was entitled to an extraordinary disability pension pursuant to the provisions of Acts of Alabama 1951, Act No. 929, Regular Session, September 12, 1951, pp. 1579-99, as amended, and awarded him a pension in the amount of $876.03. The Board based its calculations on Brown’s biweekly salary, excluding any longevity pay he had received.
Brown filed suit on January 29, 1987, against the Board (and other defendants who were later dismissed), contending that his longevity pay should have been included in calculating his extraordinary disability pension. Brown died on April 5, 1987, and the executrix of his estate, Marilyn M. Brown, was substituted as the plaintiff in this case.
The trial judge granted summary judgment in favor of the Board, relying on our recent decision in Mahaffey v. The Board of Managers, City of Birmingham Retirement and Relief System, 515 So.2d 1261 (Ala.Civ.App.1987), which states:
“The Board has authority to make determinations as to the rights of any person applying for disability benefits. If those determinations are not appealed at that time, they become final and, in essence, a judicial decision.” (Emphasis added.)
Mahaffey, at 1262.
The procedure for appeal of a decision by the Board is set out in Section 11, Article III, of the Board’s enabling act (Acts of Alabama 1978, Act No. 1272, Regular Session, September 18, 1973, pp. 2134-36). Act 1272 provides, in pertinent part, as follows:
“Any decision of the Board denying a benefit claimed may be subject to review by the Circuit Court.... An employee may secure a review of such decision of the Board by mandamus proceedings in the Circuit Court....
“The petition for mandamus shall be barred if it is not filed within ninety (90) days from the date whereon the Board of Managers makes its final decision on the benefit claimed, provided written notice of such final decision of the Board shall be given by certified or registered mail, postage prepaid, and properly addressed to the claimant or his attorney within ten (10) days after such final decision of the Board. If timely notice shall not be given as provided in the last preceding sentence, claimant shall not be barred from filing mandamus until the expiration of eighty (80) days from the mailing of notice as above provided; but in no event anything therein to the contrary notwithstanding shall said mandamus be filed after one year from the date of such final decision of the Board....”
Brown insists on appeal that the calculation of the amount of his pension should not be treated as a decision of the Board which is judicial in nature and to which the procedures in Act 1272 apply. We disagree.
The calculation of Brown’s pension was a judgment on the part of the Board as to the amount of the pension to which Brown was entitled. If Brown disagreed with that decision, review procedures were available to him at the time of the initial determination. He could not wait ten years before challenging the figures upon which the Board’s calculations were based.
As we emphasized in Mahaffey,
“[t]he rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers.”
Mahaffey, at 1262, citing State v. Brooks, 255 Ala. 689, 694, 53 So.2d 329, 333 (1951).
Because the determination of the Board in this case was judicial in nature, Brown’s action is not timely and must, therefore, be barred. This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.