THIGPEN, Judge.
This case involves a review of the trial court’s denial of a petition for a writ of mandamus by granting a summary judgment favoring The Board of Managers, City of Birmingham Retirement and Relief System (Board) and against Carl Michael Limbaugh. Both parties seek the same result and urge this court to overrule Mahaffey v. Board of Managers, 515 So.2d 1261 (Ala.Civ.App.1987), which the parties and the trial court view as controlling.
The facts are undisputed and only a few pertinent facts are necessary for this appeal. Limbaugh was an employee of the City of Birmingham when he became disabled. Limbaugh’s application for an extraordinary disability allowance was approved by the Board, and in April 1980, the Board began paying Limbaugh $850.83 per month, based upon Limbaugh’s average salary, rather than his salary at the time of injury.
The amount to which Limbaugh is entitled is set forth in 1973 Ala. Acts, No. 1272 (Reg. Session), Art. VI, § 8, which states that a claimant will receive 70% of his monthly salary at the time of injury. Upon discovering that by utilizing the correct formula, he was entitled to receive approximately $37 per month more than the Board awarded, Limbaugh requested the additional benefit and compensation for past underpayments from the Board. Although the Board agreed that it had incorrectly calculated Limbaugh’s benefits initially and that it had underpaid Limbaugh, in November 1989 the Board denied Limbaugh’s request for the underpayment. The Board also denied Limbaugh’s claim for future additional benefits based on the correct calculation.
*624 In July 1990, Limbaugh petitioned the trial court for a writ of mandamus to direct the Board to pay the underpayment and the additional benefits. The Board filed a motion for summary judgment relying on Ma-haffey. The Board also answered, admitting that Limbaugh was entitled to the additional benefits, but denying that the relief is required by law.
In August 1992, the trial court denied Limbaugh’s petition for a writ of mandamus and it granted the Board’s summary judgment motion. In denying Limbaugh’s petition, the trial court’s order stated that although it desired “to see [Limbaugh] paid the amount that he is entitled to receive pursuant to the statute,” it was bound by the holding of Mahaffey, supra, and it requested that Limbaugh appeal. Hence, this appeal.
Limbaugh and the Board contend on appeal that Mahaffey should be overruled and that Limbaugh is entitled to the additional benefits. In its brief, the Board asserts that it desires to pay Limbaugh the correct amount, but that because of the holding in Mahaffey, it is forbidden to do so. The Board also requests that this court modify Mahaffey to allow it to correct the calculation error it made in determining Limbaugh’s benefits.
In Mahaffey, a municipal employee was injured in an on-the-job accident and began receiving disability benefits. Six years later, the Board determined that its original calculation of Mahaffey’s benefits was incorrect, it informed Mahaffey that it was reducing his monthly benefits, and it demanded a refund of overpaid monies. Mahaffey challenged the Board’s action and the trial court denied Mahaffey’s requested relief, holding that the Board had the authority to correct clerical errors. On appeal, this court reversed the trial court’s judgment, holding that the clerical mistake provision of Rule 60(a), A.R.Civ. P., was intended to remedy mechanical types of errors, not a legal decision or judgment. This court determined that the calculation of Mahaffey’s benefits by the Board was a final judicial determination which could not be changed six years later.
We decline to overrule Mahaffey in the present case. The facts in Mahaffey are readily distinguishable from the facts in the instant case. The Board in Mahaffey was attempting to retroactively reduce a claimant’s benefits. The crux of the Mahaffey ruling, that the Board’s determination of benefits sought by a claimant creates a judicial determination, is valid.
“The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers.”
Mahaffey at 1262 (quoted in State v. Brooks, 256 Ala. 689, 694, 53 So.2d 329, 333 (1951)). Clearly, following the rationale in Mahaffey, supra, neither Limbaugh nor the Board can retroactively alter the judicial decision made in the initial calculation of benefits once it becomes final. There is simply no vehicle available to either party to change the judicial decision as it applies to past benefits.
Limbaugh, as claimant in the instant case, was also seeking future additional benefits based on a calculation different from the calculation for the benefits in the past. The Board’s determination denying the additional future benefits sought by Limbaugh created a new determination as to the additional amount sought by Limbaugh. Statutory procedures pursuant to 1973 Ala. Acts, No. 1272 (Reg. Session), Art. Ill, § 11, permit Limbaugh to seek judicial review of “any decision of the Board denying a benefit claimed.” The Act requires that the claimant petition for mandamus “within ninety (90) days from the date whereon the Board of Managers makes its final decision on the benefit claimed.” Act No. 1272 at 2135. Other provisions relating to the timely notice of the Board’s decision extending the review period do not appear as factors in the instant case. The record is clear that the Board’s decision denying Limbaugh’s benefit claim was in November 1989. Limbaugh’s petition for a writ of mandamus was filed in July 1990, well beyond the 90-day period. Therefore, Limbaugh’s challenge is time-barred. Brown v. Board of Managers, 536 So.2d 84 (Ala.Civ.App.1988).
*625 The legal posture of this ease has the effect of affirming the denial of additional benefits to Limbaugh. In its brief, the Board asserts that it desires to pay Limbaugh the additional benefits and to compensate him for underpayments due to the Board’s calculation error. Although the law requires a different result from that sought by both parties here, we know of nothing prohibiting the Board from utilizing equitable principles to compensate Limbaugh as it desires.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs specially.