MOORE, Judge.
Greg Yance appeals from a judgment of the Houston Circuit Court (“the trial court”) dismissing his complaint. We affirm.

Background

On September 25, 2009, Yance entered into a written employment contract to act as a principal for one of the educational institutions operated by the Dothan City Board of Education (“the Board”) until June 30, 2012. That contract provided for Tim Wilder, the Board’s superintendent, to evaluate Yance’s job performance annually according to the standards prescribed by the State Board of Education, as required by Ala.Code 1975, § 16-24B-3(i)(1), a part of the Teacher Accountability Act (“the Act”), § 16-24B-1 et seq., Ala.Code 1975. Furthermore, the contract provided, in accordance with Ala.Code 1975, § 16-24B-3(m), that, if Wilder did not evaluate Yance’s job performance as required, the contract would be extended for at least one year.
At some point before April 5, 2012, the Board, based on a recommendation by Wilder, voted not to renew Yance’s contract. On that date, Yance filed a civil action in the trial court against the Board, Wilder, and the various members of the Board (hereinafter referred to collectively as “the Board defendants”), bearing civil-action no. CV-12-121 (“Yance /”). In that action, Yance requested án expedited hearing, pursuant to Ala.Code 1975, § 16-24B-3(e)(2)a., for a determination as to whether the recommendation by Wilder to the Board not to renew his contract and the Board’s decision not to renew his contract had been impermissibly based on personal or political reasons. Because the judge assigned to preside over the expedited hearing could not do so within the statutorily required 45-day period, the judge designated a mediator to conduct the hearing. See Ala.Code 1975, § 16-24B-3(i)(3).
On May 7, 2012, Yance. filed a document entitled “Motion to Extend Contract for Additional Year for Every Year Plaintiff Was Not Evaluated Properly,” in which Yance alleged that he had not been evaluated by Wilder as required by his employment contract and that, as a consequence, his contract should be renewed for an additional three years. The mediator denied the “motion” without explanation in his mediation order dated May 16, 2012, in which he also determined that Yance had failed to prove that the Board defendants had acted impermissibly for political or personal reasons when deciding not to renew Yance’s employment contract. On May 24, 2012, Yance filed a motion to clarify, which the mediator granted by an order dated June 4, 2012, stating:
“The [mediator] denied [Yance’s] motion for extension of contract because the issue raised in the motion was not within the [mediator’s] purview under Section 16-24B-3, Alabama Code 1975. The sole issues allowed under Section 16-24B-3 are whether the Superintendent’s recommendation to non-renew was based on political or personal reasons and whether the Board’s approval of that recommendation was based on political or personal reasons. [Yance’s] motion for extension of contract raised issues different from those allowed by Section 16-24B-3.”
On July 13, 2012, Yance filed an appeal with this court from the May 16, 2012, order. See Ala.Code 1975, § 16-24B-3(e)(3)e. (making mediator’s decision in ex *1073 pedited hearing held pursuant to § 16-24B-3(e)(2)a. binding on the parties), and Ala.Code 1975, § 16-24B-3(g) (authorizing an appeal to the Alabama Court of Civil Appeals from a mediator’s decision). Yance subsequently moved to dismiss his appeal voluntarily; this court dismissed the appeal on August 14, 2012. See Yance v. Dothan City Bd. of Educ. (No. 2110998), — So.3d - (Ala.Civ.App.2012) (table).
On July 30, 2013, Yance filed a two-count complaint in the trial court against the Board defendants, which was assigned civil-action no. CV-13-900525 (“Yance II”). Yance asserted in that complaint that the Board defendants had unlawfully failed or refused to extend his contract for one year even though he had not been evaluated during the second year of his contract. In the first count, Yance sought a judgment declaring his rights under the contract and the Act, a writ of mandamus, and an injunction. In the second count, Yance alleged breach of contract. In his prayer for relief, Yance requested compensatory damages in the amount of $86,654, representing the annual salary he allegedly had lost due to the unlawful termination of his employment, interest on that amount, reinstatement of his retirement benefits, and “any other legal and equitable [relief] this Honorable Court would deem appropriate in the premises.”
The Board defendants moved to dismiss the complaint for failure to state a cause of action upon which relief could be granted. See Rule 12(b)(6), Ala. R. Civ. P. The Board defendants asserted that § 16-24B-3 provided the exclusive remedy available to Yance, that the Board was absolutely immune from suit, that the claims asserted in the complaint were barred by the doctrine of res jttdicata, and that Yance’s action was barred pursuant to § 6-5-440, Ala.Code 1975, because Yance had raised the same issues in a pending federal case. The trial court held a hearing on the motion, and, on November 4, 2013, the trial' court granted the motion to dismiss. In its judgment,'the trial court reasoned that Yance was requesting solely monetary damages and not equitable relief and that such claims for damages were barred by Ala.Code 1975, § 16-24B-6. The trial court further reasoned that Yance could have pursued the same relief in Yance I and that, for that reason, the doctrine of res judicata barred Yance’s claims. Finally, the trial court found that the Board was immune from suit. The trial court rejected the Board defendants’ argument that § 6-5-440 barred the action.
Yance timely filed a motion to alter, amend, or vacate the judgment, which the trial court denied on January 23, 2014. Yance timely filed an appeal to this court on February 7, 2014.[1]

Discussion

Section 16—24B—3(i)(1), Ala.Code 1975, a part of the Act, provides:
“The chief executive officer, or his or her designee, shall at least annually evaluate the performance of each contract principal. The evaluation shall be performed in a manner prescribed by the State Board of Education.”
Section 16-24B-3(m) provides:
“If a contract principal is not evaluated as required by this section, his or her *1074 contract shall be extended one additional contract year for each contract year not evaluated up to three years.”
Taken together, those subsections require chief executive officers of boards of education to annually evaluate the job performance of contract principals in accordance with the standards imposed by the State Board of Education. In the event of a failure to evaluate a contract principal, the employing board shall be required to automatically extend the contract “for each contract year not evaluated up to three years.” § 16-24B-3(m).
Alabama Code 1975, § 16-24B-6(b), also a part of the Act, provides: “No action shall lie for the recovery of damages for the breach of any employment contract of a contract principal in the public schools.” By its plain and unambiguous language, see Curry v. Russell Cnty. Bd. of Educ., 125 So.3d 711, 715-16 (Ala.Civ.App.2013), § 16-24B-6(b) precludes a contract principal from maintaining a civil action for damages for the breach of an employment contract. Thus, to the extent that Yance claims compensatory damages for breach of the covenants relating to his evaluation and contract extension, that claim cannot stand.
However, in reviewing the complaint de novo, see Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003), we do not read it as seeking solely compensatory damages for a breach of contract. Yance also claims that he was entitled to an automatic one-year extension of his employment contract because of the failure' or refusal of Wilder to properly evaluate his job performance during one of his contract years. In his prayer for relief, Yance asked for “any other legal or equitable” relief to which he was entitled, which could include his reinstatement to employment for one year under § 16-24B-3(m).
Assuming, without deciding, that Yance can maintain a civil action against the Board defendants to seek reinstatement of his employment under the terms of his contract or independently under § 16-24B-3(m), we nevertheless conclude that the judgment must be affirmed on the basis of the trial court’s finding that Yance’s claims are barred by the doctrine of res judicata.
As to that issue, Yance initially argues that, when ruling on that defense, the trial court in Yance II erred in reviewing the record in Yance I without converting the motion to dismiss to a motion for a summary judgment. We hold, however, that Yance did not raise that argument before the trial court, so we may not consider it for the first time on appeal. See Sanders v. Mullins, 579 So.2d 1349, 1350 (Ala.Civ.App.1990).
Yance next argues that the mediator in Yance I did not adjudicate his contract-extension claim in Yance I because “[njothing in [the Act] gives the [trial court] or the [mediator the power to enter a judgment of any kind.” However, § 16-24B-3(e)(3) specifically authorizes a circuit court to refer a proceeding under the Act in which an expedited evidentiary hearing is sought to a mediator whose “written decision ... shall be binding on the parties.” By that language, the legislature empowered a mediator to enter a final administrative order following an expedited evidentiary hearing. Such an order has the same conclusive effect as a judgment in a civil action for res judicata purposes. See Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 920 (Ala.2007) (“ ‘ “The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to *1075 the judgments of courts having general judicial powers.” ’ ” (quoting Limbaugh v. Board of Managers, City of Birmingham Ret. & Relief Sys., 628 So.2d 623, 624 (Ala.Civ.App.1993), quoting in turn Mahaffey v. Board of Managers, 515 So.2d 1261, 1262 (Ala.Civ.App.1987))).
Yance next argues that he did not assert the same cause of action in Yance I because his claim for a contract extension in Yance II differed from his claim in Yance I that his contract was impermissi-bly terminated for political or personal reasons. However, the trial court dismissed the case not because Yance had already litigated the contract-extension claim in Yance I, but because Yance could have litigated that claim in Yance I. “Res judicata ... bars a party from asserting in a subsequent action a claim that it has already had an opportunity to litigate in a previous action.” Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507, 517 (Ala.2002). We agree that Yance had the right to assert his contract-extension claim in Yance I. Although that right could riot have been enforced in the expedited evi-dentiary hearing before the mediator, see Curry, 125 So.3d at 715-16 (construing § 16-24B-3(e)(2)a. to preclude expedited evidentiary hearing on contract-extension claim), it could have been tried separately before the judge in Yance I, as the trial court in Yance II found and as counsel for the parties agreed at the hearing on the motion to dismiss.
We note that the doctrine of res judicata applies only when a matter has been adjudicated by a court or an administrative agency of competent jurisdiction. See McDonald, supra. In this case, the trial court correctly noted in its judgment that the mediator in Yance I did not have the authority to rule on ariy contract-extension claim. Section § 16-24B-3(e)(2)a. provides that the “sole issues” to be decided in an expedited evidentiary hearing “shall be” whether
“the chief executive officer’s or supervisor’s recommendation to nonrenew the contract was impermissibly based upon a personal or political reason, or the recommendation was approved based upon personal or political reasons of the chief executive officer, supervisor, or the employing board.... ”
Section 16-24B-3(e) does not- give a mediator jurisdiction .over a contract-extension claim arising under § 16-24B-3(m). See Curry, supra. Our review of the record from Yance I, which was made a part of the record in this appeal, reveals that, in fact, the mediator did not rule on the contract-extension claim because he concluded that he did not have the authority to do so.
In his original brief to this court in this appeal, Yance notes the trial court’s finding regarding the mediator’s lack of jurisdiction, but Yance does not develop any argument that the mediator’s lack of jurisdiction negates one of the essential elements of the doctrine of res judicata— an adjudication rendered by a competent judicial body. Thus, Yance hás waived that argument. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.”). This court cannot craft an argument for Yance in order to gain a reversal • of the judgment. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996). Thus, although it appears that the trial court erred in dismissing the complaint on the basis that Yance’s claims are barred by the doctrine .of res judicata, we have no choice but to affirm its judgment.

*1076
Conclusion

Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The Board defendants have moved to dismiss Yance’s appeal as untimely under Ala. Code 1975, § 16-24B-5(a); however, that provision, which allows 14 days for appeals, applies only to appeals from expedited hearings as described in Ala.Code 1975, § 16-24B-3. This appeal lies from a motion to dismiss a civil complaint, which is timely if it was filed within 42 days of the denial of a timely filed postjudgment motion. See Rule 4(a)(3), Ala. R.App. P. Because Yance filed his appeal only 15 days after the denial of his timely filed postjudgment motion, his appeal is timely.